FILED
2023 Apr-14  AM 09:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRITTANY WILLIAMS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **UNIVERSITY OF ALABAMA-** | ) | |
| **BIRMINGHAM HOSPITAL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND JURY DEMAND

### I.  INTRODUCTION

1. This is an action for legal and equitable relief to redress violations of the rights secured by the Family and Medical Leave Act ("FMLA"), codified at 29 U.S.C. § 2615. Brittany Williams, the plaintiff, also alleges violation of disability discrimination prohibited by an Act of Congress known as "The Rehabilitation Act of 1973," codified at 29 U.S.C. § 701 et seq.

### II.  JURISDICTION

2. Jurisdiction is invoked pursuant to 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b).

### III.  ADMINISTRATION PREREQUISITES

4. Williams's claims under the FMLA do not require the exhaustion of administrative prerequisites prior to filing this case. Williams files this case within the statute of limitations period prescribed by the FMLA.

## IV.   PARTIES

5. Plaintiff, Brittany Williams ("Williams"), is a female citizen of the United States over the age of nineteen (19) years and has been at all times pertinent to the matters alleged herein a resident citizen of the State of Alabama. Williams worked for Defendant as a patient care technician.

6. Defendant, University of Alabama at Birmingham Hospital (hereinafter referred to as "Defendant" or "UAB"), employs more than fifty (50) people and is thus an "employer" for FMLA purposes.

## V.   STATEMENT OF FACTS

7. Williams, an African American female, began working as a patient care technician at the defendant's Gardendale location in August 2015.

Beginning in 2019, Williams was diagnosed and began receiving treatment for Chronic Depression, Attention-deficit/hyperactivity disorder (ADHD), and anxiety.

8. During her employment with the defendant, Williams was supervised by India Alford, a white female, and Frankie Willis, a white male, and Meagan (last name unknown), a white female.

9. In October 2020, three of Williams's coworkers, namely, Cheryl Crane, Michele Rauls, and Markela (last name unknown) began harassing Williams at work. Examples of said harassment included following Williams during her bathroom breaks, following her to her car on breaks, making jokes about Williams calling in due to her depression and taking pictures of Williams during her breaks.

10. Additionally, Meagan (last name unknown), one of Williams's supervisors, allowed Williams's co-workers to make racially insensitive remarks toward Williams and other black employees without any repercussions. For example, one of Williams's co-workers, Alicia (last name unknown), once jokingly stated that her family owned a gas station but would never serve black people. Instead of reprimanding Alicia, Meagan laughed at Alicia's statement.

11. In October 2020, Williams reported the harassing and racist behavior of her co-workers to her supervisors, Alford and Willis. However, no action was taken against the coworkers that harassed Williams.

12. Plaintiff then reported her supervisors, Alford and Willis to Greg Erwin in the Defendant's human resources department due to their inaction against the employees who harassed her. However, no action was taken by Defendant's human resources department against Alford, Willis, or any of Plaintiff's co-workers who harassed her.

13. In October 2020, Williams requested and was granted intermittent FMLA as an accommodation for her disability. The FMLA was to be available to Williams until October 2021.

14. On July 27, 2021, Williams received a text message from India Alford directing Williams to report to her office for a meeting. When Williams arrived, India Alford was joined by Frankie Willis.

15. During the meeting, Alford told Williams that she was concerned that Williams had missed many days from work and that she no longer had anymore paid leave available. Williams was further advised that she could use FMLA leave, but that said leave would be unpaid. However, Williams did have remaining paid leave.

16. Additionally, Alford accused Williams of calling in sick and choosing to use sick leave rather than using FMLA leave.

17. As a result of Alford's claims that Williams no longer had any paid leave available, Alford recommended that Williams resign from her position with Defendant. In the alternative, Williams was given the option to return to work and not use anymore FMLA leave.

18. Williams had previously been advised by Defendant that employees could receive donated time if they exhausted their leave. However, during the July

27 meeting, Williams was told by Alford and Willis that she was not eligible for donated time due to her receiving intermittent FMLA leave.

19. During said meeting, Alford also claimed that Williams had been written up multiple times. However, she had no documentation of the write-ups.

20. Following the July 27th meeting, Williams was escorted off of the premises by Alford and Willis, who required that Williams turn in her work badge.

21. On or about July 30, 2021, Angela Saia, Director of Employee Relations for Defendant, emailed Williams and notified her that she was being placed on administrative leave due to her behavior at the July 27th meeting.

22. On or about August 18, 2021, Williams was called by Alford and notified that she had been terminated. Alford did not disclose the basis of Williams's termination. In fact, it wasn't until Williams applied for and was denied unemployment benefits that she learned that she was terminated due to insubordination.

## VI.   CAUSES OF ACTION

### COUNT I – VIOLATION OF FMLA (INTERFERENCE)

23. Plaintiff re-alleges and incorporates by reference all preceding paragraphs with the same force and effect as if fully set out in specific detail herein below.

24. Williams is an eligible employee under the Family Medical Leave Act, 29 U.S.C. § 2611(2)(A). Williams had been employed with Defendant for at least 12 months.

25. Defendant is an employer in accordance with 29 U.S.C. § 2611.

26. Employers covered under the Family Medical Leave Act are prohibited from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right.

27. Defendant's recommendation to resign from her position, the alternative to report to work without instead of using FMLA leave, and Plaintiff's subsequent termination as a result of her use of FMLA leave interfered with her rights under the Family Medical Leave Act.

## COUNT II – DISCRIMINATION IN EMPLOYMENT BASED ON DISABILITY UNDER THE REHABILITATION ACT OF 1973

28. Defendant UAB discriminated against Williams due to her disability at termination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.

29. Williams was subjected to unequal treatment regarding her employment due to disability.

30. While employed by UAB, Williams was unlawfully harassed by co-workers due to her disability. Such harassment included following Williams around during her breaks and taking pictures of Williams without her permission.

31. UAB owed a duty to Williams to take action to stop the harassment as soon as management learned of it. However, when the harassment was reported to Williams's supervisors, none of her supervisors took any action against the harassing co-workers.

32. Said harassment by Williams's co-workers—and UAB's failure to take action against said harassment – created an intimidating, hostile and offensive work environment, and it interfered with her ability to effectively perform her job duties, thus violating her rights under the Rehabilitation Act of 1973.

## COUNT III – DISCRIMINATION UNDER CIVIL RIGHTS ACT OF 1866, 42 U.S.C. 1981

33. Plaintiff re-alleges and incorporates by reference all preceding paragraphs with the same force and effect as if fully set out in specific detail herein below.

34. Williams's co-workers openly made racist remarks toward Williams and other black employees in the presence of Meagan, one of Williams's supervisors.

35. Instead of disciplining the co-workers for racist jokes and comments, Meagan tolerated and even laughed at the jokes.

36. The racist jokes and UAB's tolerance of said jokes created a hostile environment based on race in violation of Williams's rights to protection from discriminatory treatment in the contractual relationship between employers and employees.

## COUNT IV – RETAILIATION

37. Beginning in October 2020, Williams made internal complaints to Alford and Willis about harassment by her co-workers.

38. When no action was taken by Alford and Willis, Williams contacted Greg Erwin in the human resources department at UAB over the phone and complained of Alford and Willis's inaction.

39. Alford is the official that contacted Williams and notified Williams that she was terminated.

40. The refusal to consider any accommodation and terminating Williams was retaliatory for her challenging the company and violates 29 U.S. Code § 794.

41. Williams seeks all damages allowed by law for the conduct.

## COUNT V – MENTAL AND EMOTIONAL DISTRESS

42. Plaintiff re-alleges and incorporates by reference all preceding paragraphs with the same force and effect as if fully set out in specific detail herein below.

43. Defendants' actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

44. As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment,

personal indignity and other intangible injuries for all of which she should be compensated.

## VII.   <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the actions of Defendant UAB described herein above violated and continue to violate the rights of the Plaintiff as secured by the Family Medical Leave Act and the Rehabilitation Act of 1973.

2. Grant the Plaintiff an order requiring the Defendant to make the Plaintiff whole by awarding Plaintiff back pay (plus interest, including prejudgment), punitive, liquidated, and/or nominal damages.

3. Grant the Plaintiff such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS A JURY FOR ALL ISSUES TRIABLE BY JURY.**

Respectfully Submitted this 14th day of April 2023.

<u>**s/Reginald McDaniel**</u>
Reginald McDaniel (MCD061)
Alabama State Bar No. ASB-7676-L73M
Attorney for Plaintiff

Reginald McDaniel, Attorney at Law, LLC
810 5th Avenue North, Suite B
Birmingham, AL 35203
Telephone: (205) 433-6133
Fax: (888) 357-8447
Email: rdm@reginaldmcdaniel.com

Of Counsel

Rodney Davis (DAV219)
810 5th Avenue North, Suite A
Birmingham, AL 35203
Telephone: (205) 578-1597
Fax: (205) 784-1994
Email: rodney@reginaldmcadaniel.com

## PLEASE SERVE DEFENDANT VIA CERTIFIED AS FOLLOWS:

University of Alabama Birmingham Hospital
c/o Dorothy D. Pak
 500 22nd Street South, Suite 504
Birmingham, AL 35233